# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2447

_____

United States of America,      *
    *
    Appellee,      *
    *    Appeal from the United States
    v.      *    District Court for the
    *    Northern District of Iowa.
Todd Hansel,      *
    *
    Appellant.      *

_____

Submitted: February 12, 2008
Filed: May 2, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Todd Hansel entered a conditional guilty plea to a two-count indictment charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). Hansel reserved the right to appeal the district court's[1] denial of his motion to suppress. Hansel now appeals that issue, arguing that the warrants to search his residence lacked probable cause. Hansel also appeals his sentence, contending that the district court improperly applied a three-level

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

enhancement to his offense level for distribution of child pornography to a minor. We affirm.

I. Background

Law enforcement officers began investigating Hansel after two minor girls alleged that while they were in Hansel's care, he observed them in the nude, took pictures of them in their swimsuits, and sexually abused them. These allegations led to three state search warrants and a federal search warrant for Hansel's residence. The first state warrant was sought after local law enforcement interviewed the two girls and their minor brother, who was allegedly physically abused by Hansel. The search warrant sought items referenced by the two girls, including: a Wal-Mart receipt for children's swimsuits, children's swimsuits, a man's white briefs, a Britney Spears movie, sexual devices including a plastic replica of a man's penis, and children's bicycles. When law enforcement arrived at Hansel's residence and presented him with the search warrant, Hansel indicated that the swimsuits were in the master bedroom. Law enforcement began their search in the bedroom and found all of the items on the search warrant except for the Wal-Mart receipt and the white briefs. Continuing the search, law enforcement found eight computer-produced 8x10 photographs of nude prepubescent females in the bedroom closet. Each photograph was imprinted with the date "9/21/99" and an Internet address with the following or similar language: "www.little-virgins.com." The search also revealed a computer in Hansel's dining room that was connected to a printer, and a webcam located near the computer. The webcam was pointed at a chair and appeared to be aimed at where the mid-section or genitals of a person would be if the person were sitting in the chair. The chair was lined with towels and a nearly empty bottle of baby oil and more towels were located next to the computer.

Based upon what was found during the search, officers applied for a second state search warrant. The affidavit in support of the second warrant stated that while

conducting the search of Hansel's residence pursuant to the first state warrant, officers uncovered "eight 8x10 printed pictures of unknown prepubescent white females without any clothing on," two computers, one of which was "hooked up to a printer," a 35mm camera, a video camera, several videotapes without labels, and many photographs of the alleged victims in swimsuits. The affidavit also stated that in the affiant's experience, "the printed pictures indicate receipt of child pornography by means of a computer," and the camera equipment indicates "a likelihood child pornography may have been produced." The second warrant authorized the officers to search Hansel's residence for an assortment of electronic devices, photographs, and videotapes. Thereafter, a third state search warrant was issued authorizing law enforcement to conduct a forensic analysis on the computer and camera equipment seized pursuant to the second warrant.

Subsequently, law enforcement applied for a federal search warrant to search Hansel's computer equipment for evidence of violations of 18 U.S.C. §§ 2251, 2252, or 2252A. The affidavit stated that officers were investigating Hansel based upon allegations that he had sexually abused minors and that the valid search of his residence pursuant to the first state search warrant revealed hundreds of pictures of the alleged victims and other minor children in swimming suits. The affidavit described the eight 8x10 photographs found in Hansel's bedroom closet and stated that the color photographs were printed on 8.5 by 11 white paper and that each photograph was imprinted with an Internet address such as "www.little-virgins.com." The affidavit specifically stated that the photographs did not depict lascivious exhibition of genital or pubic regions. The affidavit described the computer equipment found in Hansel's residence, including the computer hooked up to a printer, the webcam pointed at the midsection of a chair, and the towels and baby oil next to the computer. The affidavit also discussed in detail why, in the affiant's experience, all of this information established a fair probability that there was child pornography on Hansel's computer. Additionally, the affidavit noted that the affiant was not relying on any information actually found on Hansel's computer after it was seized pursuant to the state search

warrants. Following the submission of the affidavit to a United States Magistrate Judge,[2] the federal search warrant was issued.

Evidence obtained pursuant to the federal search warrant revealed that Hansel had used his computer, the Internet, and an online chat session to possess and distribute child pornography. The evidence also indicated that Hansel, while representing himself as a thirteen-year-old female, distributed child pornography to an individual whose username was "beccajones13" and who represented herself to be a thirteen-year-old female.

At the sentencing hearing, the district court found that Hansel distributed child pornography to a minor and applied a five-level enhancement pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 2G2.2(b)(3)(C).

II. Motion to Suppress

"We review the district court's factual findings in support of its denial of a motion to suppress for clear error and its legal determination of probable cause de novo." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005). We must affirm the district court's denial of the motion "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [we are] left with the definite and firm conviction that a mistake has been made." United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007) (alteration in original) (internal quotation omitted).

Hansel argues that the district court erred by denying his motion to suppress the evidence seized from his residence because the second state search warrant and the

---

[2]The Honorable John A. Jarvey, then Chief Magistrate Judge for the United States District Court for the Northern District of Iowa, now United States District Judge for the Southern District of Iowa.

federal search warrant did not establish probable cause that child pornography would be found on his computer. A search warrant is valid under the Fourth Amendment if it establishes probable cause. United States v. Caswell, 436 F.3d 894, 897 (8th Cir. 2006). "Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'" United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). Probable cause to search exists if, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Caswell, 436 F.3d at 897 (quoting Gates, 462 U.S. at 238).

Regarding the second state search warrant, Hansel argues that the affidavit in support of the warrant was misleading because the statement that the 8x10 photographs "indicate receipt of child pornography by means of a computer" suggested that the photographs themselves constituted child pornography, when in fact the investigating officer testified that they were child erotica, not child pornography. Hansel contends that without this misleading statement, the affidavit did not establish probable cause that Hansel had child pornography on his computer.

A search warrant is void and the fruits of the search must be suppressed if the defendant proves by a preponderance of the evidence that (1) the government knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the affidavit in support of the warrant, and (2) without the false statement, the affidavit does not establish probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Snyder, 511 F.3d 813, 816 (8th Cir. 2008). In its order denying Hansel's motion to suppress, the district court found that the statement about the photographs indicating receipt of child pornography was misleading, and therefore the district court did not consider it when it determined whether the affidavit for the second search warrant established probable cause. Like the district court, we

need not discuss whether the affiant knowingly and intentionally or with reckless disregard for the truth included a false statement in the affidavit because we conclude that, even without the misleading statement, the totality of the circumstances described in the affidavit established a fair probability that child pornography would be found on Hansel's computer.

Hansel rests his argument that the affidavit did not establish probable cause on the theory that the possession of child erotica, which is not illegal, cannot establish probable cause that the individual also possesses child pornography. Hansel's argument fails to take into consideration the totality of the circumstances. See Grant, 490 F.3d at 631. It was not the existence of the photographs of nude minors in Hansel's bedroom closet that alone established probable cause that Hansel had child pornography on his computer.[3] Rather, it was the presence of the photographs combined with the other facts included in the affidavit. The affidavit noted the allegations of sexual abuse, the presence of nude photographs of minors, the computer equipment, 35mm camera, videocamera, unmarked videotapes, and the pictures of the alleged victims in swimsuits. Given this information, the district court did not err in finding that the second state search warrant established probable cause even without the statement that could have misled the magistrate judge to believe that the 8x10 photographs constituted child pornography as opposed to child erotica.

---

[3]The district court found that the possession of child erotica, such as photographs of nude children that do not constitute child pornography, "might not alone be sufficient to provide probable cause to believe that Defendant possessed child pornography." United States v. Hansel, No. 06-CR-102-LRR, 2006 WL 3004000, at *11 (N.D. Iowa Oct. 20, 2006) (order denying motion to suppress) (unpublished). Thus, the district court did not decide, and we do not decide, whether possession of child erotica alone could ever be enough to establish probable cause that an individual possesses child pornography. It is sufficient to conclude that in this case, the totality of the circumstances established probable cause.

Even if we assume that the second state search warrant was invalid, the district court properly concluded that the evidence seized from Hansel's residence was admissible under the independent source doctrine. See United States v. Khabeer, 410 F.3d 477, 483 (8th Cir. 2005). Hansel does not challenge the district court's finding that even if the second and third state search warrants had not been issued, the government would have sought the federal search warrant for Hansel's computer equipment. Furthermore, Hansel does not challenge the district court's finding that the issuance of the federal warrant did not depend on any information obtained pursuant to the second or third state warrants.

Hansel's only challenge to the federal search warrant is that the affidavit in support of the warrant did not establish probable cause because, he asserts, possession of child erotica does not establish probable cause that the possessor thereof also possesses child pornography. For the reasons discussed above, and because the affidavit in support of the federal warrant described the circumstances in even greater detail than the affidavit for the second state warrant and did not include any misleading statements about the 8x10 photographs, we conclude that the affidavit established probable cause to search Hansel's computer equipment for child pornography.

Hansel further contends that there was no nexus between the photographs and his computer because the investigation was instigated by allegations of sexual abuse of minors, the pictures of the alleged victims found in Hansel's bedroom were photos of the girls in swimsuits and not nude photos, and the alleged victims did not say anything about Hansel's computer or the webcam, nor did they accuse Hansel of showing them pornography in any medium. The absence of these specific allegations does not negate the fact that the information that did exist established a fair probability that there was child pornography on Hansel's computer. Thus, even if Hansel's computer equipment was originally seized improperly because of a defect in the second state warrant, the district court did not err in finding that the federal search

warrant was valid and the evidence admissible under the independent source doctrine. Accordingly, we conclude that the district court properly denied Hansel's motion to suppress.

III. Enhancement for Distribution of Child Pornography to a Minor

A defendant is subject to a five-level enhancement in his offense level if the defendant distributed child pornography to a minor. U.S.S.G. § 2G2.2(b)(3)(C). Distribution to a minor is defined as "the knowing distribution to an individual who is a minor at the time of the offense." U.S.S.G. § 2G2.2 cmt. n. 1. A "minor" is

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

Id.

The government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence. See United States v. Russell, 234 F.3d 404, 408 (8th Cir. 2000). Hearsay is admissible in a sentencing hearing and can be used to determine facts if the hearsay has sufficient indicia of reliability. United States v. Tucker, 286 F.3d 505, 510 (8th Cir. 2002). We review the district court's application of the sentencing guidelines *de novo*, and we review its factual findings, such as whether the defendant distributed child pornography to a minor, for clear error. United States v. Birdine, 515 F.3d 842, 845 (8th Cir. 2008).

Hansel accepts the two-level enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3)(F). He disputes, however, the additional three-level

enhancement for distribution to a minor, arguing that the government did not present any evidence that the recipient was actually a minor. The government did not assert that the recipient of the child pornography was an undercover officer posing as a minor. Thus, the issue is whether the district court clearly erred when it found, by a preponderance of the evidence, that the recipient was a minor. The transcript of the online chat session in which the child pornography was transferred reveals that the recipient's username was "beccajones13" and the recipient represented herself to be a thirteen-year-old female. Although it is possible that the recipient misrepresented her age, just as Hansel did, there was evidence before the district court to support the finding that the recipient was a minor and we are not convinced that the district court made a mistake in so finding. Thus, the district court did not clearly err by enhancing Hansel's offense level for distribution of child pornography to a minor.

The judgment is affirmed.

_____