# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1317

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Gabriel E. Pando, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 24, 2008
Filed: October 30, 2008

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Gabriel E. Pando pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, see 18 U.S.C. § 2; 21 U.S.C. § 846, and to a forfeiture of $2,721 used to facilitate the conspiracy, see 21 U.S.C. § 853. The district court[1] sentenced Pando to 151 months of imprisonment, followed by five years of supervised release. On appeal, Pando makes the single claim that he should not have been

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

assessed a criminal history point for a prior conviction in Colorado for driving while ability impaired ("DWAI"). We affirm the sentence.

## I.

The Presentence Report (PSR) prepared by the United States Probation Office reported that in 1998 Pando was convicted of DWAI in violation of Colorado Revised Statutes § 42-4-1301 and that he was sentenced to 12 months of probation. The PSR attributed one criminal history point to Pando based upon this conviction, which when combined with a criminal history point attributable to a 2003 Nebraska conviction, gave Pando a total of two criminal history points. This additional point increased Pando's criminal history from Category I to Category II. At sentencing, Pando objected to the scoring of a criminal history point for the DWAI conviction. The district court overruled the objection. The district court then identified the applicable advisory guidelines range and sentenced Pando within that range to 151 months imprisonment, five years supervised release, and forfeiture of the $2,721. Pando brings this appeal.

## II.

Sentencing Guidelines "[s]ection 4A1.2(c) governs which prior sentences are counted as criminal history points." United States v. Postley, 449 F.3d 831, 832 (8th Cir. 2006); see United States Sentencing Commission, Guidelines Manual, § 4A1.2(c) (Nov. 2007). Generally, this section provides that sentences for misdemeanor and petty offenses are counted except that certain offenses, including "[c]areless or reckless driving," and "offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." USSG § 4A1.2(c)(1). It is undisputed that (1) Pando was not sentenced to a term of probation of more than one year or a term of imprisonment of

at least 30 days with respect to the DWAI conviction and (2) DWAI is not similar to Pando's instant offense. Further, Pando contends that this offense was "similar" to reckless driving and that, accordingly, under section 4A1.2(c)(1), he should not have been assessed a criminal history point for the DWAI conviction. "We review *de novo* the district court's construction and interpretation of the criminal history provisions of the sentencing guidelines, and we review for clear error the district court's application of the guidelines to the facts." United States v. Borer, 412 F.3d 987, 991-92 (8th Cir. 2005).

For years, for purposes of Guidelines section 4A1.2(c)(1) we "have opted to compare the 'elements' or 'essential characteristics' of the subject offenses to determine whether they have the requisite similarity." Id. Other circuits have adhered to

> [A] multi-factored approach . . . which also considers the underlying facts of the defendant's offense, as well as such matters as a "comparison of punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, . . . the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct."

Id. (quoting United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991)); see United States v. Sanders, 205 F.3d 549, 552 (2nd Cir. 2000); United States v. Booker, 71 F.3d 685, 689 (7th Cir. 1995); see also United States v. Leon-Alvarez, 532 F.3d 815, 820 (8th Cir. 2008) (Bright, J., concurring) (noting the conflict between the circuits).

Effective November 1, 2007, however, the United States Sentencing Commission adopted Amendment 709 which "clarified the approach courts should use in determining the 'similarity' of offenses for the purposes of § 4A1.2(c) thus

trumping our decision in Borer." Leon-Alvarez, 532 F.3d at 820 (Bright, J., concurring). The amendment added the following application note to address the application of section 4A1.2(c):

> (A) In General.–In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

USSG § 4A1.2, comment. (n.12).

An issue is presented as to whether this clarifying amendment may be given retroactive effect. See Leon-Alvarez, 532 F.3d at 821 (Bright, J., concurring). Further, if retroactively applicable, it is arguable that the district court did not conduct a comparison which included a consideration of the factors enumerated in Amendment 709. Instead, the district court summarily concluded that the offenses of reckless driving and DWAI are not "categorically" or "factually" similar, noting Pando's blood alcohol content of .143 at the time of the DWAI arrest.

These issues need not be addressed, however, because the district court's scoring of a criminal history point for Pando's DWAI conviction was proper under Application Note 5 to section 4A1.2, in effect at the time of Pando's underlying crimes. Application Note 5 provides that:

> 5. Sentences for Driving While Intoxicated or Under the Influence. Convictions for driving while intoxicated or under the influence (*and similar offenses by whatever name they are known*) are counted. Such

-4-

offenses are not minor traffic infractions within the meaning of § 4A1.2(c).

USSG § 4A1.2, comment. (n.5) (emphasis added). "States define terms such as 'under the influence' in various ways. In a number of states, the term means simply that an individual's ability to drive a vehicle is impaired. Thus, the reference in Application Note 5 to 'similar offenses' means offenses involving driving and alcohol impairment." United States v. Walling, 974 F.2d 140, 142 (10th Cir. 1992) (internal citations omitted).

Colorado law defines the DWAI offense as:

[D]riving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs, affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle.

Colo. Rev. Stat. § 42-4-1301(1)(g). Therefore, "[i]n Colorado, DWAI is an offense involving driving and alcohol impairment." Walling, 974 F.2d at 142. Accordingly, "DWAI is clearly a 'similar offense[ ]' to 'driving while intoxicated or under the influence'" under Application Note 5 to Guidelines section 4A1.2. Id. (quoting USSG § 4A1.2, comment. (n.5)). The Walling Court also noted that "[t]he existence of a more serious offense under Colorado law d[id] not alter [the court's] analysis." Id.; see People v. Swain, 959 P.2d 426, 428 (Colo. 1998) (en banc) (stating that, under Colorado law, the DWAI offense is a lesser included offense of DUI). In sum, the Colorado offense of "DWAI falls into the category of alcohol-related driving offenses addressed by Application Note 5." Walling, 974 F.2d at 142; see United States v. Jakobetz, 955 F.2d 786, 805-06 (2d Cir. 1992) (finding that district court properly

considered defendant's prior New York conviction for DWAI in calculating his criminal history category because DWAI charge was not a "minor traffic infraction[]" within the meaning of Application Note 5 to section 4A1.2); see also United States v. Thornton, 444 F.3d 1163, 1165-67 (9th Cir. 2006) (determining that defendant's prior California conviction for driving with a blood alcohol level of .08 or higher was an offense similar to DUI that must be included in determining defendant's criminal history calculation because the offense clearly proscribed conduct similar to DUI); United States v. Deigert, 916 F.2d 916, 918 (4th Cir. 1990) (concluding that district court correctly counted defendant's two prior alcohol-related traffic offenses–driving while impaired and driving under the influence of alcohol–in determining his criminal history).  Because the district court properly included Pando's DWAI conviction in the calculation of his criminal history category, his sentence must be affirmed.

III.

Accordingly, we affirm the judgment of the district court.

_____