# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2718

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| Michael David Tomac, | * | |
| also known as Einstein, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 9, 2009
Filed: May 20, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Michael David Tomac pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to ninety months' imprisonment. The United States appeals, alleging that the district court committed procedural error in calculating Tomac's sentence. We affirm.

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

Following Tomac's guilty plea to the above-described offenses, the parties stipulated to a drug quantity of greater than fifteen kilograms of a mixture or substance containing methamphetamine and a base offense level of 38 under the U.S. Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2007). The Presentence Investigation Report ("PSR") recommended a two-level downward adjustment for acceptance of responsibility for a total offense level of 36. See id. § 3E1.1(a). The PSR also calculated three criminal-history points for a 2003 "reckless driving" conviction, a 2006 conviction for "driving under the influence of liquor or drugs," and a 2007 "reckless driving" conviction. Considering these three state misdemeanor convictions, the PSR established a Category II criminal history. The resulting recommended Guidelines range was 210 to 262 months' imprisonment. Tomac objected to the criminal-history-points calculation, arguing that at least two of the convictions could not be used in that calculation, and that, at most, he had a Category I criminal history based on one criminal-history point.

At sentencing, the district court found that the 2003 reckless-driving conviction was not alcohol related and further concluded that there was no evidence that Tomac had properly waived his right to counsel with regard to the 2003 and 2006 convictions. As such, the district court concluded that those convictions could not properly be considered in the criminal-history-points analysis, in part, pursuant to United States v. Stapleton, 316 F.3d 754, 756–57 (8th Cir. 2003) (assigning no points for an uncounseled conviction). With the elimination of these two criminal-history points, the court reduced Tomac's criminal-history category to I, thus making him eligible for a two-level, safety-valve adjustment and excusing Tomac from the ten-year statutory minimum under 21 U.S.C. § 841(b)(1)(A)(viii). See 18 U.S.C. § 3553(f); USSG § 5C1.2. With a resulting total offense level of 34 and a Category I criminal history, the advisory range was 151 to 188 months. The district court sentenced Tomac to ninety months' imprisonment. The United States appeals, arguing that the district court committed procedural error in calculating the Guidelines range. It claims that the court erred in concluding that Tomac's 2003 and 2006

misdemeanor convictions were not countable under the Guidelines, and that when properly counting the 2003 and 2006 convictions, Tomac had a Category II criminal history.

In evaluating a sentence, we must "'first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.'" United States v. Aguilera, 523 F.3d 876, 877 (8th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the [G]uidelines range requires a remand for resentencing." United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008) (quotation and alteration omitted). "We review for clear error the district court's findings of fact and apply de novo review to the district court's interpretation and application of the Guidelines." Id.

Section 4A1.2(c) of the U.S. Sentencing Guidelines "governs which prior sentences are counted as criminal history points." United States v. Pando, 545 F.3d 682, 683 (8th Cir. 2008) (quotation omitted). Section 4A1.2(c)(1) provides that a conviction for misdemeanor "reckless driving" is countable "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." USSG § 4A1.2(c)(1). We conclude that neither Tomac's 2003 nor 2006 conviction for "reckless driving" is countable under § 4A1.2(c)(1), and, as a result, the district court did not commit procedural error in its calculation of the Guidelines range.

As an initial matter, both "reckless driving" convictions resulted in a sentence below the threshold required by the provision. Tomac's 2003 conviction only resulted in a sentence of "10 days suspended for 1 year" and "unsupervised probation." Likewise, for his 2007 conviction, the state court sentenced Tomac to "30 days with 25 days suspended" and "1 year unsupervised probation." A "sentence of imprisonment" under the Guidelines, "refers only to a portion that was not

suspended," id. § 4A1.2(b)(2), which results in Tomac having received a five-day sentence in 2007 for the purposes of the provision.

Nor can we conclude that Tomac's 2003 and 2007 convictions for "reckless driving" were "similar" to a countable offense. See id. § 4A1.2, cmt. (n.5) ("Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted."). We have held that "the reference in Application Note 5 to 'similar offenses' means offenses involving driving and alcohol impairment." Pando, 545 F.3d at 684 (quotation omitted). To determine whether "reckless driving" is an offense "involving driving and alcohol impairment" we look to North Dakota's definition of Tomac's offense. See id. (analyzing Colorado state law for an offense definition in determining similarity under § 4A1.2, cmt. (n.5)). The North Dakota Century Code's definition of "reckless driving" contains no reference to alcohol. See N.D. Cent. Code § 39-08-03. In fact, the Government even concedes on appeal that the "district court may have had a legal basis for excluding the 2003 . . . conviction based upon the finding that it was not alcohol related" and has "not rais[ed] the issue in this appeal." There is no basis in the record to conclude that Tomac's 2003 reckless-driving conviction differed at all from his 2007 conviction under the same North Dakota statute. It is thus inconsistent for the Government to argue in its reply brief that, while it does not appeal the district court's failure to count the 2003 conviction, it believes that the 2007 conviction should be counted because "reckless driving" is similar to a countable offense. In sum, we conclude that Tomac's two "reckless driving" convictions are not countable for criminal-history-points purposes under § 4A1.2(c).

As we find that the district court properly refused to assign a criminal-history point for Tomac's 2003 conviction, and the record provides no basis for differing treatment of the 2007 conviction, the resulting Category I criminal history would support the district court's Guidelines calculation regardless of whether the 2006

-4-

conviction were counted.  We thus need not reach the other arguments raised on appeal.

For the foregoing reasons, we affirm Tomac's sentence.

_____