# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1420

———————

United States of America,

       Appellee,

v.

Sergio Martinez-Hernandez,

       Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\*
\*

———————

Submitted: December 14, 2009
Filed: January 29, 2010

———————

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Sergio Martinez-Hernandez pled guilty to transporting his 11-year-old step-daughter from Arkansas to Florida to engage in sexual activity. He is already serving a 20-year state sentence for the attempted sexual battery of his step-daughter in Florida. At federal sentencing, the district court[1] applied a four-level enhancement because Martinez-Hernandez abducted his victim. *See* **U.S.S.G.** § 2A3.1(b)(5). The court sentenced him to 235 months (plus 10 days), the bottom of the applicable

---

[1] The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

guideline range. The federal sentence runs concurrent with the (longer) state sentence, with credit for time served.[2] Martinez-Hernandez contests the abduction enhancement in this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). According to him, his step-daughter never asked to go home, and in fact asked not to be taken home.

On appeal, this court reviews "a sentence for an abuse of discretion, giving due deference to the district court's decision." *United States v. Miller*, 588 F.3d 560, 564 (8th Cir. 2009). Relevant here is the first step of review: to "ensure that the district court did not commit a significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen." *Id.* In reviewing a sentence for procedural errors, this court reviews the district court's findings of facts for clear error, and its application of the guidelines to the facts *de novo*. *See United States v. Saknikent*, 30 F.3d 1012, 1013 (8th Cir. 1994).

"[T]he abduction adjustment requires only that force necessary to overcome the particular victim's will." *Id.* at 1014. Force need not be physical: "To 'force' means to compel 'by physical, moral, or intellectual means,' or 'to impose' or 'to win one's way.'" *Id.* *See also United States v. Hefferon*, 314 F.3d 211, 226-27 (5th Cir. 2002) (finding abduction through "veiled coercion" where the defendant "was able to isolate the victim by dominating her lack of intellectual ability, and also by appealing to the credulous nature of a seven-year-old."); *United States v. Romero*, 189 F.3d 576, 590 (7th Cir. 1999) ("abduction under § 2A3.1(b)(5) means kidnaping -- whether

---

[2] The dissent notes that the abduction enhancement changes the advisory guideline range by upwards of seven years. In terms of the sentence actually imposed, it should be noted that it is concurrent with the (longer) state sentence, gives credit for time served, and represents the bottom of the advisory guideline range – without considering the district court's power to vary from it.

kidnaping was committed by force or by the use of a force substitute such as inveigling.").

In *Saknikent*, the defendant encountered the victim, a mentally-retarded nine-year-old, at a convenience store half a block from her home. 30 F.3d at 1013. She was found hours later and miles out of town, walking with Saknikent. *Id.* He pled guilty to aggravated sexual abuse, but argued that the district court improperly applied the abduction enhancement at sentencing because no evidence indicated he (physically) forced the girl to accompany him. This court affirmed, reasoning that "[a]bduction increases the gravity of sexual assault or other crimes because the perpetrator's ability to isolate the victim increases the likelihood that the victim will be harmed. Any concomitant assault is tangential to the rationale for the increased penalty." *Id.* This court concluded the facts that the victim was mentally impaired, resided close to the store, habitually visited it, and had rarely been outside of town "combine[d] to support the inference that Saknikent's taking the victim out of town was against her will." *Id.* at 1014-15.

Here, Martinez-Hernandez, a 26-year-old, had authority over the victim as her stepfather in her residence. He took her 1,100 miles from her home and mother (whom he did not tell of the trip). The victim had no money, no phone, and was totally dependent on him during the trip. Martinez-Hernandez admits that, before taking her to Florida, he was sexually involved with her for four months, and wrote notes to her saying, among other things:

- "I wish you and I could already be together to demonstrate to you how much I love you."
- "I love you very much my little love, little kisses on your sexy mouth."
- "You are the only girl for me."
- "I hope that you behave well with me because if not, I'm going to spank you and I am going to get you naked and I'm going to torture your body. It's a joke."
- "Now I do believe that you love me because you decided to go with me."

In context, these notes amount to force through trickery and deceit. The district court noted:

> In this instance, we've got someone the child looks up to. I feel this defendant could certainly manipulate that child to a point or to a degree of force necessary to overcome that child's desire, if the child did desire to leave.

Martinez-Hernandez relies on *United States v. Beith*, 407 F.3d 881 (7th Cir. 2005), where a former principal fled from Indiana to Nevada with an 11-year-old student in order to continue their sexual relationship. The Seventh Circuit recognized that "'[i]nveigling,' or imposing one's will through 'trickery' or 'gentle urging' or flattery, is a proper basis for applying the [abduction] enhancement," but found "no tenable connection between the manner in which Beith pursued [the victim] in molesting her and his ultimate act of driving her to Nevada that could justify a finding of abduction." 407 F.3d at 893.

*Beith* is distinguishable. In *Beith*, the student actually "called to warn Beith of the police's intent to interview and possibly arrest him," leading to their interstate travel. *Id.* Further, Beith "made no false promises to her, and his overtures, while undeniably vile, were cloaked in neither deceit nor trickery." *Id.* Here, Martinez-Hernandez used flattery, deceit, and parental authority to get his victim to leave with him, as evidenced by his notes and the other facts of this case.

The district court did not commit a significant procedural error by applying the abduction enhancement. The judgment is affirmed.

ARNOLD, Circuit Judge, dissenting.

Sergio Martinez-Hernandez was sentenced to 235 months in prison for transporting an eleven-year-old girl in interstate commerce with the intent to engage in sexual activity with her. His guilt is not in dispute, and the sole issue on appeal is the propriety of the district court's imposition of a sentencing enhancement because Mr. Martinez-Hernandez abducted his victim. The enhancement added upwards of seven years to the sentence, and so its applicability deserves careful and deliberate attention. As the relevant guideline notes, Mr. Martinez-Hernandez is not eligible for this enhancement unless he "forced" his victim to accompany him to another location. *See* U.S.S.G. §§ 2A3.1(b)(5), 1B1.1, cmt. n.1(A).

We have held that the government need not prove that a perpetrator used or threatened to use physical force in abducting a victim for the enhancement to apply, and that the use of trickery, deceit, flattery, inveigling, overreaching, and other kinds of enticements can in some circumstances serve as proper predicates for the enhancement. *See United States v. Saknikent*, 30 F.3d 1012, 1013-15 (8th Cir. 1994). But there is no substantial record evidence of any enticement that induced the victim in this case to go to Florida, unless the nature of the relationship itself somehow supplies it; that would mean, however, that the enhancement would apply anytime a perpetrator takes a victim across a state line if the victim is young and in the care of the perpetrator. This seems to me to carry the idea of force well beyond what the words of the relevant guideline provision can justify or support, and the court does not suggest that this is the basis of its holding.

I think that this case is much like *United States v. Beith*, 407 F.3d 881, 893 (7th Cir. 2005), where the court observed that for the enhancement to apply there must be force that is identifiably associated with the victim's change of location itself. Even though the highly reprehensible way in which Mr. Martinez-Hernandez dealt with his

victim might well count as force under our precedents and he would thus be guilty of the offense of which he was convicted if his actions induced her to leave with him, there is no evidence that they did. What is missing from this record is a tenable connection between Mr. Martinez-Hernandez's activities and his victim's trip to Florida that would justify a conclusion that he forced her to go there. There is not even any evidence that he asked her to.

The government's duty to produce proof sufficient to support a sentencing enhancement bears emphasis here. *See United States v. Hansel*, 524 F.3d 841, 847 (8th Cir. 2008). Mr. Martinez-Hernandez testified at the sentencing hearing that his victim begged to go with him and even threatened to harm herself if he did not take her. There is other record evidence that supports his story because the victim wrote him a note imploring him, "Daddy don't leave me with mommy. Love you so much." But it is not necessary to believe Mr. Martinez-Hernandez's testimony to conclude that the enhancement is not applicable because the government failed to show that actions that could count as force induced her to go to Florida. It is telling that the district court noted in its abbreviated findings that Mr. Martinez-Hernandez "could certainly manipulate" his victim into going with him, but that is far from finding that he actually did, a conclusion that the record would not in any case support. And though the court here adverts to the fact that the victim was dependent on Mr. Martinez-Hernandez during their trip, it is mere surmise that he resorted to acts that could be construed as force in keeping her with him.

One additional point deserves mention. The court seems to suggest that if there is any error here it is not significant because Mr. Martinez-Hernandez had already been sentenced to a longer term in Florida and the district court made its sentence run concurrent with the state one. But we cannot know how much time Mr. Martinez-Hernandez will actually serve on his state sentence and so any conclusion that the error here is not significant for the reason that the court gives is simple speculation. We review a district court's interpretation and application of the guidelines *de novo*,

and if we determine that there was error we will remand for resentencing unless the error was harmless. *See United States v. Tomac*, 567 F.ed 383, 85-86 (8th Cir. 2009). Because the appropriate guideline range did not include the sentence that the district court chose, the error here is not harmless.

I would vacate the sentence and remand to the district court for resentencing. I therefore respectfully dissent.

_____