**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4827**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

STEWARD SCHER, a/k/a DadnNC, a/k/a Carmine4u,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:08-cr-00109-RJC-1)

Submitted:  July 14, 2010            Decided:  July 26, 2010

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire  J.  Rauscher,  Executive  Director,  Matthew  R.  Segal,
FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville,
North Carolina, for Appellant.  Edward R. Ryan, United States
Attorney,  Cortney  S.  Escaravage,  Assistant  United  States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steward Scher appeals his 180-month sentence following a guilty plea to possession, transportation and distribution of child pornography in violation of 18 U.S.C.A. § 2252(a)(1), (a)(2), (a)(4)(B) (West Supp. 2010). On appeal, Scher contends that the district court procedurally erred by enhancing his base offense level by five levels pursuant to U.S. Sentencing Guideline Manual ("USSG") § 2G2.2(b)(3)(C) (2008). Scher also argues that the length of his sentence is unreasonable. We affirm.

We first address Scher's claim of procedural sentencing error. Scher contends, as he did below, that the USSG § 2G2.2(b)(3)(C) enhancement was not applicable in his case because the Government failed to establish that Scher distributed pornography to a minor. The district court found that internet chatroom communications with "AmyP12" justified application of the enhancement,[1] rejecting Scher's contention that both he and "AmyP12" were adults using a role-playing chatroom.

---

[1] "AmyP12" conversed with Scher in a chatroom, and Scher transferred pornographic material to her over the internet.

2

Distribution to a minor is defined as "the knowing distribution to an individual who is a minor at the time of the offense." USSG § 2G2.2, cmt. n.1. A minor is:

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

Id.

The Government must prove the facts needed to support a sentencing enhancement by a preponderance of the evidence. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). In determining whether a sentencing enhancement applies, we may consider hearsay, provided that the information bears a "sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010); see USSG § 6A1.3(a), p.s. When reviewing the district court's application of the sentencing guidelines, we review questions of law de novo and findings of fact, such as whether Scher distributed child pornography to a minor, for clear error. See United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

In United States v. Hansel, 524 F.3d 841 (8th Cir. 2008), the Eighth Circuit addressed the application of USSG § 2G2.2(b)(3)(C) to facts similar to those presented here.

3

Using an internet chatroom, Hansel provided images depicting child pornography to an individual who used the screen name "beccajones13" and who stated to Hansel that she was a thirteen-year-old female.  Hansel, 524 F.3d at 847.  While Hansel argued there was no evidence before the district court from which it could conclude that beccajones13 was actually a minor, the Eighth Circuit found that the screen name and the representation provided sufficient evidence to support the district court's finding to that effect.  Id.

We have reviewed the record and conclude that the district court's finding that AmyP12 was a minor was similarly supported by a preponderance of the evidence and is not clearly erroneous.  AmyP12 informed Scher that she was a twelve-year-old female and sent him two pictures of herself.  The pictures were consistent with the physical appearance of a prepubescent female.  Scher continued to send AmyP12 images of child pornography after she informed him that she was twelve years old and after he received two pictures of a young girl.  Accordingly, the district court did not clearly err, and this claim of procedural sentencing error fails.

Scher also argues that his sentence is substantively unreasonable, in that it was longer than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) (2006), particularly in view of the harsh sentencing guideline ranges generated by

4

the guidelines applicable to child pornography crimes.[2]  See generally United States v. Morace, 594 F.3d 340, 345-48 (4th Cir. 2010) (discussing nationwide trend of downward departures and variances in child pornography cases).

"Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfies the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010); see Gall v. United States, 552 U.S. 38, 51 (2007).  In imposing a variant sentence, the sentencing court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50.  "[A] major departure should be supported by a more significant justification than a minor one." Id.  Given that the district court is in a "superior position to find facts and judge their import under § 3553(a) in the individual case," we must give "due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the

---

[2] In his reply brief, Scher seeks to recharacterize his claim as one of procedural sentencing error, and claims that the district court did not address all of his arguments for a downward variance.  We find no merit to this claim, as the record confirms the district court's thorough consideration of Scher's arguments.

variance." Id. at 51. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

We conclude that Scher's sentence is substantively reasonable. While Scher argues that the district court did not give sufficient weight to his history and characteristics or to the sentencing disparities that would result from the imposition of a within-guideline sentence, it is clear from the record that the district court meticulously considered those factors and properly weighed them against the seriousness of the offense, including victim impact and the need to protect the public and deter criminal activity. The court decided that a sentence thirty months below the bottom of the guideline range was sufficient but not greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a). And while this sentence is below the applicable guideline range, we find that the extent of the deviation was adequately explained and well within the district court's discretion.

Accordingly, we affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED