# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2090

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Fernando Rezendis Barrientos, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2011
Filed: March 8, 2012

_____

Before LOKEN, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Fernando Barrientos pled guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). At sentencing, Barrientos sought a two-level reduction in his offense level, claiming he was eligible for safety-valve relief pursuant to United States Sentencing Commission, Guidelines Manual, §5C1.2 and 18 U.S.C. § 3553(f)(1)-(5). The district court denied Barrientos safety-valve relief, relying in error on our prior decision in United States v. Webb, 218 F.3d 877 (8th Cir. 2000), which has been trumped by Amendment 709 to the Sentencing Guidelines. We reverse Barrientos's sentence and remand this matter to the district court for resentencing.

I.

Under section 5C1.2 and section 3553(f), a defendant convicted under section 841 may be sentenced below the statutory minimum and in accordance with the applicable Guidelines range if the defendant meets certain criteria, including not having more than one criminal history point. See USSG §5C1.2; 18 U.S.C. § 3553(f). This is known as "safety-valve relief." See Pepper v. United States, 131 S. Ct. 1229, 1236 n.1 (2011).

When calculating a defendant's criminal history, the district court looks to Guidelines section 4A1.2. Section 4A1.2 instructs district courts to count sentences for specific, listed misdemeanors and petty offenses "and offenses similar to them" when the defendant's prior "sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." USSG §4A1.2(c)(1). The section also lists offenses that are "never counted," including "juvenile status offenses and truancy." USSG §4A1.2(c)(2). Also, offenses "similar to" those listed are not to be counted. Id.

Prior to the enactment of Amendment 709, we adopted an "elements" or "essential characteristics" test to determine whether two crimes were "similar" for purposes of section 4A1.2(c). See United States v. Borer, 412 F.3d 987, 992 (8th Cir. 2005); Webb, 218 F.3d at 880-81; see also United States v. Mitchell, 941 F.2d 690, 691 (8th Cir. 1991). We found ourselves in good company, as several other circuits also employed the "elements" or "essential characteristics" approach. See United States v. Perez de Dios, 237 F.3d 1192, 1198 (10th Cir. 2001); United States v. Harris, 128 F.3d 850, 854-55 (4th Cir. 1997); United States v. Elmore, 108 F.3d 23, 27 (3d Cir. 1997); United States v. Unger, 915 F.2d 759, 763 (1st Cir. 1990). Other circuits, however, followed the Fifth Circuit's multi-factor, "common sense" test to determine whether two crimes were similar under section 4A1.2(c). See United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991); see also United States v.

Martinez-Santos, 184 F.3d 196, 205-06 (2d Cir. 1999); United States v. Booker, 71 F.3d 685, 689 (7th Cir. 1995).

Our "essential elements" approach led us in Webb to determine that a prior Ohio conviction for the offense of "prohibitions," a crime akin to a minor in possession of alcohol offense, was not a juvenile status offense or similar to a public intoxication offense, both crimes that are not counted in a defendant's criminal history under section 4A1.2(c)(2).

Effective November 1, 2007, the Sentencing Commission "resolve[d] [the] circuit conflict over the manner in which a court should determine whether a non-listed offense is 'similar to' an offense listed at §4A1.2(c)(1) or (2)." USSG App. C, Amend. 709. In passing Amendment 709, the Commission adopted the Fifth Circuit's multi-factor, "common sense" approach from Hardeman. Now, the commentary to section 4A1.2 provides:

> In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

USSG §4A1.2, comment. (n.12(A)).

Following the adoption of Amendment 709, Judge Bright warned that our prior cases concerning the "similar to" question were no longer good law. See United States v. Leon-Alvarez, 532 F.3d 815, 820-21 (8th Cir. 2008) (Bright, J., concurring) ("Recently . . . the United States Sentencing Commission . . . adopted Amendment

709 . . . expressly reject[ing] our 'elements' approach in favor of the 'multi-factor' approach for determining whether a prior offense is 'similar to' one of the enumerated offenses in §4A1.2(c). In effect, Amendment 709 clarified the approach courts should use in determining the 'similarity' of offenses for the purposes of §4A1.2(c) thus trumping our decision in Borer."). See also United States v. Pando, 545 F.3d 682, 683-84 (8th Cir. 2008) (reiterating Judge Bright's concurrence in Leon-Alvarez).

## II.

With this background in place, we turn to the case at hand. Barrientos pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of section 841(a)(1), (b)(1)(A). This conviction carries a mandatory minimum sentence of 10 years unless Barrientos can benefit from the safety-valve provision of section 3553(f). See 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3553(f). Barrientos argued that he was entitled to safety-valve relief. The presentence investigation report determined that, but for his two criminal history points, he was eligible for safety-valve relief. He objected to the imposition of the criminal history point for his prior conviction under Minnesota law at the age of 19 for "Liquor Consumption by Persons Under 21." See Minn. Stat. § 340A.503.

In his objection, Barrientos argued that our decision in United States v. Johnston, 533 F.3d 972 (8th Cir. 2008), questioned whether our prior decision in Webb specifically addressed if an adult conviction for being a minor in possession was "similar to" a juvenile status conviction. Barrientos argued that the appropriate rule was that adopted by the Sixth Circuit in United States v. Cole, 418 F.3d 592, 599-600 (6th Cir. 2005) (holding that adult conviction for minor-in-possession offense was "similar to" a juvenile status offense). In response, the government expended considerable ink in defense of the "essential elements" approach used in our Webb decision, arguing Webb held an adult conviction for being a minor in possession of alcohol was not "similar" to a juvenile status offense. Neither party

alerted the district court to the change in how to address the "similar to" question after the adoption of Amendment 709.[1] The district court conducted a hearing on Barrientos's objection. At the hearing, the government strenuously argued that Webb was controlling, stating, "the precedent is Webb. That's what we're talking about. That's what this case is about." (Hr'g Tr., Doc. 45 at 9.) In ruling on the objection, the district court expressed considerable frustration that Barrientos would not be eligible for safety-valve relief, but determined "with due regard for the law that's been cited, [the criminal history point] was properly imposed." (Id. at 15.)

At sentencing, Barrientos again raised the safety-valve issue "specifically to preserve and maintain" that issue for appeal. Recognizing Barrientos's objections, the court explained it "was bound to follow what [it] understood to be the existing law" on the safety-valve issue. The government additionally noted that it would oppose the application of the safety valve because Barrientos had failed to truthfully provide to the government all information and evidence he had regarding his offense. See 18 U.S.C. § 3553(f)(5) (to qualify for safety-valve relief, defendant must truthfully provide "not later than the time of the sentencing hearing . . . all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan"). Barrientos argued that the presentence report found that he had met this requirement but suggested that, in light of the court's prior ruling on the criminal history point, the issue was moot. The government expressly agreed that the question of whether Barrientos provided truthful information prior to sentencing was moot in light of the district court's ruling on the criminal history point.

The district court imposed a sentence of 121 months imprisonment. Barrientos's plea agreement contained an appeal waiver from any sentence of 120

[1]Indeed, at the hearing, the government informed the district court that it had "cited all the cases possible on this issue." (Hr'g Tr., Doc. 45 at 9.)

months or lower. The district court imposed the additional month above the statutory minimum so that Barrientos could bring this appeal.

## III.

When reviewing the district court's imposition of a sentence, we review "de novo the district court's interpretation and application of the sentencing guidelines and statutes, and its fact-findings for clear error." United States v. Resinos, 631 F.3d 886, 887 (8th Cir. 2011) (en banc) (per curiam). An initial question we address is whether the district court committed a "significant procedural error" when it imposed the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The Supreme Court has held that "failing to calculate (or improperly calculating) the Guidelines" is such a significant procedural error. Id. This includes the district court's calculation of criminal history points. See United States v. Tomac, 567 F.3d 383, 385-87 (8th Cir. 2009).

A fair reading of the hearing transcript shows the district court, at the invitation of both parties, mistakenly relied upon Webb to determine that Barrientos's prior conviction for violating Minnesota's "Liquor Consumption by Persons Under 21" was entitled to a criminal history point. Absent from the district court's determination of whether Barrientos's prior sentence warranted the criminal history point was any discussion of, or reference to, the factors now listed under the commentary to section 4A1.2. Accordingly, we hold that the district court committed procedural error in failing to consider the amended section 4A1.2 when it determined Barrientos's criminal history points.

## IV.

We reverse the sentence and remand this matter to the district court for resentencing.

———————————————