# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3390
_____

United States of America

*Plaintiff - Appellee*

v.

James Lewis Paine, also known as James L. Paine

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs
_____

Submitted: September 25, 2018
Filed: February 7, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.
_____

PER CURIAM.

In 2017, James Paine pled guilty to conspiring to distribute methamphetamine. Over Paine's objection, the district court[1] assigned Paine a criminal history point for

_____

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

a 2015 serious misdemeanor conviction for "[g]athering[] where controlled substances [are] unlawfully used."  Iowa Code § 124.407 (2015).  Paine appeals, arguing that gathering is similar to the offenses of disorderly conduct and loitering and therefore should not be counted towards his criminal history pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.2(c).  We affirm.

## I. Background

In 2017, Paine pled guilty to conspiring to distribute at least 50 grams or more of methamphetamine and at least 500 grams or more of a mixture or substance containing methamphetamine.  The presentence report assessed Paine two criminal history points—one for a 2005 conviction for possession of drug paraphernalia and one for his 2015 serious misdemeanor gathering conviction.  The district court rejected Paine's argument that the gathering conviction was similar to disorderly conduct or loitering, offenses that, pursuant to U.S.S.G. § 4A1.2(c), are excluded for the purposes of calculating criminal history.  The district court stated:

> In reviewing the statute here and the elements that apply to that statute and in reviewing the case law that was cited to me[,] . . . I find by a preponderance of the evidence that the conviction under Iowa Code Section 124.407 for gathering is not similar to those outlined in USSG 4A1.2(c)(1) or (c)(2).
>
> I find gathering, as described in its elements and as discussed in the limited case law . . . to be more similar to possession of a controlled substance or possession of drug paraphernalia than any of the offenses enumerated by 4A1.2(c)(1) or (c)(2).  As such, I find that the defendant is properly found to be a criminal history category of II.

Had the district court accepted Paine's argument, Paine would have had a criminal history category I and would have been eligible for "safety-valve" relief under 18 U.S.C. § 3553(f), which "allows the district court to disregard an applicable statutory

minimum if certain requirements are met." United States v. Barrera, 562 F.3d 899, 902 (8th Cir. 2009).

## II. Standard of Review

"When reviewing the district court's imposition of a sentence, we review 'de novo the district court's interpretation and application of the sentencing guidelines and statutes . . . .'" United States v. Barrientos, 670 F.3d 870, 873 (8th Cir. 2012) (citation omitted). We first look to see whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of a defendant's criminal history may constitute a significant procedural error. Barrientos, 670 F.3d at 873.

## III. Discussion

In general, the Guidelines provide that misdemeanors are counted for the purposes of calculating a defendant's criminal history score. See U.S.S.G. §§ 4A1.1, 4A1.2. The Guidelines, however, also provide a limited exception to this rule. Certain listed offenses, and "offenses similar" to them, are only counted if specific conditions are met. U.S.S.G. § 4A1.2(c)(1). In addition, certain other listed offenses, and "offenses similar" to them, are never counted. U.S.S.G. § 4A1.2(c)(2). The sole issue in this case is whether gathering, which is an unlisted offense, is similar to the listed offenses of disorderly conduct or loitering and thus should not be counted.

Iowa's gathering statute states:

> It is unlawful for any person to sponsor, promote, or aid, or assist in the sponsoring or promoting of a meeting, gathering, or assemblage with the knowledge or intent that a controlled substance be there distributed, used, or possessed, in violation of this chapter.

Any person who violates this section and where the controlled substance is any one other than marijuana is guilty of a class "D" felony.

Any person who violates this section, and where the controlled substance is marijuana only, is guilty of a serious misdemeanor.

Iowa Code § 124.407 (2015).

To determine whether gathering is similar to disorderly conduct or loitering, the Guidelines direct us to apply the following test:

> [T]he court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 cmt. n.12.

Serious misdemeanor gathering is not similar to disorderly conduct or loitering. In terms of punishment and perceived seriousness, gathering is punishable as either a felony or a serious misdemeanor. Iowa Code § 124.407 (2015). A serious misdemeanor, which is what Paine was convicted of, is punishable by up to one year's imprisonment. Iowa Code § 903.1(1)(b). Paine cites no authority that suggests disorderly conduct and loitering are punishable by anything more than 30

-4-

days' imprisonment.[2]   The significant difference in punishment indicates that gathering is perceived as a more serious offense.

The elements of the offense, the level of culpability involved, and the likelihood of recidivism also indicate that serious misdemeanor gathering is not similar to disorderly conduct or loitering.  To be convicted of serious misdemeanor gathering, a defendant must, at a minimum, assist in promoting an assemblage with knowledge that marijuana will be possessed.  Iowa Code § 124.407 (2015).  Thus, serious misdemeanor gathering has two elements that disorderly conduct and loitering do not: a drug element and a drug-related scienter element.  See United States v. Millard, 139 F.3d 1200, 1209 (8th Cir. 1998) ("[T]he Iowa [gathering] statute contains an element of mental culpability directly related to a drug crime . . . .");  Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Sloan, 692 N.W.2d 831, 832 (Iowa 2005) (referring to serious misdemeanor gathering as a "drug offense[]").  The drug element is significant because it indicates that serious misdemeanor gathering involves a higher level of culpability and a greater chance of recidivism than disorderly conduct and loitering.  See United States  v. Ruacho, 746 F.3d 850, 855 (8th Cir. 2014) (per curiam) (noting that "convictions involving illegal narcotics correlate strongly to recidivism"); cf. United States v. Foote, 705 F.3d 305, 308 (8th Cir. 2013) ("Drug possession 'suggests a more calculating, a more resourceful, and a more dangerous criminal' than someone who commits a minor traffic infraction." (citation omitted)).

---

[2]  Paine cites Council Bluffs, Iowa, Code of Ordinances sections 8.20.020 and 8.48.010 as examples of the offenses of disorderly conduct and loitering.  The government does not object to Paine's citation of these ordinances.  Under these ordinances, both offenses are punishable by up to 30 days' imprisonment.  Council Bluffs, Iowa, Code of Ordinances § 8.02.020.

-5-

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____