# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3742

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 11, 2019
Filed: March 19, 2020
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Richard Wright pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The probation office recommended, and the government argued for, a four-level enhancement for Wright's having possessed a firearm in connection with another felony offense. See United

States Sentencing Guidelines § 2K2.1(b)(6)(B). Wright objected, but the district court[1] overruled the objection, applied the enhancement, and sentenced Wright to 60 months. Wright timely appeals the four-level enhancement. Because the district court did not clearly err, we affirm.

**I.**

In January 2018, officers from the Kansas City, Missouri, Police Department executed a search warrant at a residence on Wabash Avenue. Wright had a bedroom in the residence where officers found a loaded rifle, a loaded handgun, a digital scale, 5.5 grams of cocaine in a purse, and 15.2 grams of marijuana, divided into twelve plastic baggies. Officers also found 1.4 grams of cocaine and two digital scales on the dining room table. After being read his Miranda rights, Wright admitted to possessing both firearms found in his bedroom and said he had them for his protection. He also admitted that the marijuana was his, saying he was a regular user. He explained he occasionally sold marijuana, in small amounts, "just to get some of his money back."

At sentencing, the government argued the enhancement pursuant to USSG § 2K2.1(b)(6)(B) should apply because Wright used or possessed the firearms in connection with another felony offense, specifically possession with intent to distribute marijuana.[2] Wright objected, arguing the marijuana was for his personal use only and that there was insufficient evidence that he possessed marijuana with intent to distribute it. The district court overruled the objection.

---

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[2] The government did not argue that the evidence supported an enhancement based on Wright's alleged cocaine possession or distribution.

## II.

We review the district court's factual findings for clear error and its application of the Guidelines de novo. United States v. Adejumo, 772 F.3d 513, 516 (8th Cir. 2014). The conclusion that a defendant possessed a firearm "in connection with another felony offense" is a factual determination reviewed for clear error. United States v. Brockman, 924 F.3d 988, 992–93 (8th Cir. 2019). To establish a sentencing enhancement, the government must prove its case by a preponderance of the evidence. United States v. Hansel, 524 F.3d 841, 847 (8th Cir. 2008).

The government may use circumstantial evidence to prove intent to distribute and the court may draw inferences from a variety of factors. Brockman, 924 F.3d at 993 (8th Cir. 2019). Factors such as the presence of paraphernalia or "packaging material" can indicate an intent to distribute. Id. The fact that drugs are "packaged in a manner consistent with drug distribution" is also probative of intent to distribute. Id.

The evidence here supports the district court's conclusion. In Wright's bedroom, officers found 15 grams of marijuana, distributed among twelve baggies, along with a digital scale. The marijuana was packaged separately. The case agent testified this packaging would be "very uncommon" if the marijuana was bought for personal use because the buyer "would be paying for the bag weight" for each separate bag. Wright also admitted that, from time to time, he sold small amounts of marijuana. The record is sufficient to support a finding, by a preponderance of the evidence, that Wright had the requisite intent to distribute. Accordingly, the judgment of the district court is affirmed.

_____