United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 98-3114

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　Plaintiff-Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United
　　　　　　　　　　　　　　　　　*　　States District Court for the
　　　　　v.　　　　　　　　　　　*　　District of South Dakota.
　　　　　　　　　　　　　　　　　*
Dustin Merrival,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　Defendant-Appellant　　　　　　*

_____

Submitted: March 9, 1999

Filed:　　May 10, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

　　In sentencing defendant-appellant Dustin Merrival ("defendant"), the district

---

　　[1] The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

-1-

court departed upward from the United States Sentencing Commission Guidelines ("Guidelines"). Defendant appeals, claiming the departure was improper. We affirm.

I. BACKGROUND

Defendant began drinking at a party at 6:00 a.m. August 2, 1997. He continued drinking until he left the party at approximately 2:00 a.m. August 3. After leaving the party, defendant, accompanied by his girlfriend and her child, drove west on BIA Road 32. Two vehicles were parked off the road on an approach to BIA 32. As defendant neared the vehicles, he lost control of his car. As a result, defendant's vehicle left the road and struck both parked cars. The occupants of one car, Kate Janis, 21, and her son Devon Janis, 5 months, died from massive head and abdominal injuries. Two other occupants in the same car, Lisa Standing Soldier and Joe Garcia, suffered injuries to the face and facial bones which required surgery. The last occupant, Jerrod Whistler, was hospitalized and remained in critical condition for several days as a result of multiple blunt trauma injuries.

A post-accident investigation revealed that defendant had been traveling at 66 miles-per-hour, in excess of the posted speed limit, when his car left the road. Witnesses to the accident observed that the car did not appear to slow as it approached the parked vehicles, and the investigation found little or no braking before defendant struck the two cars. A blood alcohol level test administered to defendant after the accident indicated a blood alcohol content of .234.

Defendant was charged with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, and pled guilty to the indictment on April 27, 1998. Prior to defendant's sentencing hearing, the district court gave defendant notice that it intended to depart upward from the Guidelines. The sentencing hearing was held July 7, 1998 before the Honorable Richard H. Battey, Chief U.S.

District Judge, Rapid City, South Dakota. The district court in fact departed upward and sentenced defendant to 70 months. Defendant appeals, claiming the factors on which the district court relied were invalid or do not support the upward departure.

## II. DISCUSSION

We review a district court's departure from the Guidelines for abuse of discretion. See United States v. McNeil, 90 F.3d 298, 300 & n.1 (8th Cir. 1996) (adopting the "unitary abuse of discretion standard" articulated in Koon v. United States, 518 U.S. 81, 100 (1996)); see also United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997) (applying the "unitary abuse of discretion standard"). "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Koon, 518 U.S. at 100.

Under the Guidelines, a violation of 18 U.S.C. § 1112 carries a base offense level of 14. See U.S.S.G. §2A1.4(a)(2) (1997). For an offense level of 14 and a criminal history category of I, the Guidelines prescribe that a defendant's sentence should be between 15 and 21 months. See U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Defendant argues that in departing from this prescribed range, the court relied on factors which should not have been considered. Defendant also argues that the court's imposition of a 70-month sentence amounts to a 12-level increase in defendant's offense level, and that a departure of this magnitude is not justified by the factors considered.

At defendant's sentencing hearing, the court articulated "some of the grounds which motivate the Court for a departure upward." Tr. of Sentencing Hr'g of 7/27/98, at 19. These grounds included (1) the "extensive involvement of alcohol in this case," (2) the "two deaths," (3) the "three people seriously injured, all of whom were hospitalized and surgery was required," and (4) the "defendant's prior criminal

record consist[ing] solely of tribal arrests." Id. at 19-20.  When the court actually delivered its sentence, however, it cited only two factors: death and injury.  Id. at 23.

A district court should endeavor to be extremely clear in articulating the factors upon which it bases a departure from the Guidelines.  See United States v. Lang, 898 F.2d 1378, 1380 (8th Cir. 1990) ("The district court must provide 'the specific reason for the imposition of a sentence different from that described.'") (quoting 18 U.S.C. § 3553(c)); see also United States v. Cox, 921 F.2d 772, 774 (8th Cir. 1990) (same).   When we conclude that a district court based its departure on both valid and invalid factors, we must normally remand for resentencing.  See, e.g., United States v. Fawbush, 946 F.2d 584, 587 (8th Cir. 1991).  If we "determine[] the district court would have imposed the same sentence absent reliance on the invalid factors," however, we are not required to remand.  Koon, 518 U.S. at 113; see also Williams v. United States, 503 U.S. 193, 203-04 (1992).

We will not struggle with the record below to determine whether the district court relied on defendant's use of alcohol or tribal record in departing upward.  Nor will we decide whether any such reliance was valid.  The district court clearly relied on death and injury as factors in sentencing defendant.  Under the Guidelines, death and injury are both valid factors for upward departures, and both are supported by evidence on the record in this case.

For example, a district "court may increase the sentence above the authorized guideline range" if death resulted from defendant's conduct.  U.S.S.G. § 5K2.1.  This is especially true when defendant was responsible, as here, for multiple deaths.  See id.  When using death as a factor to depart upwards, a court should base the amount of its departure on, among other things, "the dangerousness of the defendant's conduct."  Id.   Defendant's conduct in this case was extremely dangerous.  Defendant  consumed alcohol for 20 hours prior to operating the

vehicle. And once behind the wheel, defendant drove in excess of the speed limit. By both driving drunk <u>and</u> speeding, defendant increased the dangerousness of his conduct exponentially.

With respect to the second factor, injury, the Guidelines provide that a district court may increase the sentence above the authorized guideline range "[i]f significant physical injury resulted" from defendant's conduct. U.S.S.G. § 5K2.2. When a court uses physical injury as a factor to depart upwards, it should base the amount of its departure, among other considerations, "on the extent of the injury." <u>Id.</u> Here, it is undisputed that defendant caused "serious bodily injury" to the three surviving victims. PSR, at 4.[2] Jerrod Whistler suffered "a sheared brainstem and it is a miracle that he is alive." Tr. of Sentencing Hr'g of 7/27/98, at 16. Both Lisa Standing Soldier and Joe Garcia required surgery for their injuries. And all three victims "continue to deal with the traumatic effects of the offense." PSR, at 4.

Because there is sufficient evidence on the record of death and physical injury, these factors were valid bases for the court's departure. We conclude that, under the circumstances here, these two factors alone justify the 70-month sentence imposed by the district court. <u>See</u> <u>United States v. Griess</u>, 971 F.2d 1368, 1371 (8th Cir. 1992) ("A sentence thus can be 'reasonable' . . . provided that the remaining reasons are sufficient to justify the magnitude of the departure."). We make special note, however, that in imposing a departure of this magnitude, the district court acted at the outermost limits of its discretionary authority. With that said, we affirm.

---

[2] Defendant did not contest this portion of the PSR, and thus the court may rely on the PSR's characterization of the victims' injuries. <u>See</u> <u>United States v. Joshua</u>, 40 F.3d 948, 952 (8th Cir. 1994); <u>United States v. Flores</u>, 9 F.3d 54, 55-56 (8th Cir. 1993).

III. CONCLUSION

For the reasons stated above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT