# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1170

———————

United States of America,          *
                                   *
              Appellee,            *
                                   *    Appeal from the United States
        v.                         *    District Court for the
                                   *    District of Minnesota.
Christopher Michael Strong,        *
                                   *    [UNPUBLISHED]
              Appellant.           *

———————

Submitted: June 15, 2011
Filed: July 27, 2011

———————

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Christopher Strong, an Indian within the meaning of federal law, pled guilty to assault resulting in serious bodily injury, a violation of 18 U.S.C. §§ 113(a)(6) and 1153(a), based on his conduct on November 9 and 11, 2009. On November 9, Strong assaulted his wife, inflicting injuries that required medical treatment. When she returned from the hospital on November 11, Strong assaulted her again. During the course of these two days, Strong kicked, punched, and bit his wife, causing injuries to her head, neck, thorax, legs, shoulders, and arms.

The district court[1] calculated an advisory sentencing guidelines range of 37 to 46 months' imprisonment, based on a total offense level of 21 and a criminal history category of I. Despite having twenty-one prior convictions for various offenses—including terroristic threats, domestic violence, and third degree aggravated assault—Strong avoided the assignment of any criminal history points because each of the convictions had been imposed by a tribal court. The district court, citing the nature and circumstances of the offense, Strong's history and characteristics, and the promotion of respect for the law, varied upward from the guidelines range and imposed a sentence of 54 months. However, in the course of filling out the post-sentencing Statement of Reasons form, the court checked boxes indicating that, rather than varying upward under the 18 U.S.C. § 3553(a) factors, it had departed upward based on understated criminal history, *see* U.S.S.G. § 4A1.3, and extreme psychological injury, *see* § 5K2.3. Strong appeals, arguing that the district court committed procedural error by departing based on extreme psychological injury and imposed a substantively unreasonable sentence.

Before reaching the substantive reasonableness of the sentence, we "must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for procedural error, we review the district court's factual findings for clear error and its application of the guidelines *de novo*. *United States v. Thomas*, 630 F.3d 1055, 1056 (8th Cir. 2011) (per curiam).

Strong argues that the district court erred by departing upward under § 5K2.3 because the court "did not properly support its finding that the psychological injury sustained was 'extreme.'" However, the district court's explanation at sentencing reveals that the court did not impose an upward departure. By never once referring to § 5K2.3 or using the term departure and by thoroughly considering several of the

---

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

§ 3553(a) factors—including the seriousness of the offense, *see* § 3553(a)(2)(A), the promotion of respect for the law, *see id.*, and the defendant's criminal history, *see* § 3553(a)(1)—the district court made it clear that it reached the 54-month sentence by varying under § 3553(a), rather than by departing under the guidelines. *See United States v. Mayo*, 642 F.3d 628, 633 (8th Cir. 2011) ("[W]hen an oral sentence and the written judgment conflict, the oral sentence controls."); *see also Ferguson v. United States*, 623 F.3d 627, 630 (8th Cir. 2010) (holding that the district court had varied, rather than departed, because it had discussed several § 3553(a) factors and had never mentioned departure). While the district court erroneously checked boxes on the Statement of Reasons form indicating that it had departed upward, this hardly constitutes the type of "significant procedural error," *see Gall*, 552 U.S. at 51, that would require resentencing. *See United States v. Waldner*, 580 F.3d 699, 709 (8th Cir. 2009) ("[Only] a non-harmless error in calculating the [G]uidelines range requires a remand for resentencing." (second alteration in original) (quoting *United States v. Tomac*, 567 F.3d 383, 386 (8th Cir. 2009)).

Strong also contends that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). "[A]n abuse of discretion occurs 'where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Bryant*, 606 F.3d 912, 921 (8th Cir. 2010) (quoting *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009)). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Because of the deference afforded to the district court in sentencing, "it will be the unusual case when we reverse a district court sentence . . . as substantively

unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Strong argues that the district court gave too much weight to his criminal history and too little weight to his acceptance of responsibility, his troubled childhood, and the sentencing disparity between him and those charged in state court with similar offenses. We conclude that the district court did not commit a clear error of judgment in weighing these factors. As Strong concedes, his criminal history includes a large number of convictions, including numerous convictions for violent crimes, such as assaulting his former wife, threatening a law enforcement officer, and stabbing a man in the abdomen. The court committed no clear error of judgment in giving significant weight to his criminal history, especially as these convictions did not result in the imposition of any criminal history points. *See Ferguson*, 623 F.3d at 632 (affirming a 48-month upward variance based in part on "violations not included in [the defendant's] criminal history points"). We also are unpersuaded by Strong's suggestion that the court gave insufficient weight to his acceptance of responsibility and troubled past. The court considered these factors but found that Strong's criminal history, the severity of the offense, and the risk of recidivism outweighed them. In doing so, the district court did not exceed its "wide latitude to . . . assign some factors greater weight than others in determining an appropriate sentence." *See Bridges*, 569 F.3d at 379. Finally, we reject Strong's contention that his sentence creates an unwarranted disparity between himself and defendants charged in state court with similar offenses. Strong's argument is based only on the assertion that he likely would have received a lesser sentence for the same crime had he been charged in state court. We have held that this type of disparity is not a proper sentencing consideration. *See United States v. Deegan*, 605 F.3d 625, 635-36 (8th Cir. 2010), *cert. denied*, 563 U.S. ----, 131 S. Ct. 2094 (2011). Thus, we conclude that the district court did not abuse its discretion and that the sentence imposed by the court is not substantively unreasonable.

For the foregoing reasons, we affirm Strong's sentence.

_____