BYE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s decision affirming the district court’s restitution order. While I further support affirming the district court’s application of an upward departure under United States Sentencing Guidelines (U.S.S.G.) § 5K2.1, I do not believe the extent of the departure was reasonable in light of our relevant case law and Renee Nossan’s relatively limited involvement in the tragic events underlying this case. I therefore respectfully dissent.
I
“We review the substantive reasonableness of a sentence under an abuse-of-discretion standard.” Ferguson v. United States, 623 F.3d 627, 631 (8th Cir.2010). Under U.S.S.G. § 5K2.1, a district court is authorized to depart from the Guidelines range “if the evidence demonstrates, by a preponderance, that the defendant’s conduct resulted in death.” United States v. Mousseau, 517 F.3d 1044, 1049 (8th Cir. 2008) (citing U.S.S.G. § 5K2.1). When imposing a departure under § 5K2.1, the court is directed to consider, among other factors, “the dangerousness of the defendant’s conduct and the extent to which death or serious injury was an intended result or known risk.” Id. (citing U.S.S.G. § 5K2.1).
The district court here departed upward under § 5K2.1 from a Guidelines range of 10 to 16 months to a sentence of 60 months. The court’s discussion in fashioning the 44-month upward departure proceeded, in its entirety, as follows:
In determining the level of upward departure, I am thinking of the other two cases in South Dakota, Olguin and Mousseau. In those instances, the Court upward departed to 10 years or a sentence of 10 years was imposed. I think that your case is different from theirs. In yours, you had a long-term relationship with Andrew and it was a relationship where there were co-dependency issues and both of you had an addiction. That relationship did not ex *829 ist in the other two cases. Because there were two instances of you sending him drags through the mail, one where you used his previous girlfriend’s name on the package, which to me shows a level of planning and knowledge, I find that a sentence of 60 months is what is appropriate. It’s less than the 10 years that was imposed in the other two cases, but it still recognizes your degree of involvement and the fact there were two packages that were sent on two different occasions.
Sent. Tr. at 57. The majority’s analysis largely parallels the district court’s reasoning, as it centers on Nossan’s dangerous conduct in twice sending heroin and cocaine to Gunderson, while acknowledging the mitigating circumstances presented by Nossan’s lack of intent, addiction, and codependent relationship with Gunderson.
I agree Nossan’s case involves far less egregious facts than Mousseau. In Mousseau, the defendant offered methamphetamine to two minors who had not even requested any drugs. 517 F.3d at 1046. Immediately after smoking the drug, one of the minors became seriously ill and died the following day. Id. In contrast, Gunderson was an adult and an experienced drag user who had repeatedly requested his long-term girlfriend Nossan to mail him the drugs he had purchased. At the sentencing hearing, a professional mental health counselor testified Nossan was chemically dependent and maintained a codependent personality characterized by “a neurotic need for love and approval from [Gunderson],” Sent. Tr. at 23, and “very poor decision-making.” Id. at 34. Both the district court and the majority recognized these mitigating facts.
Despite distinguishing Mousseau factually, the district court imposed a 44-month upward departure, reasoning Nossan’s 60-month sentence was “less than the 10 years that was imposed in [Mousseau ], but it still recognizes [Nossan’s] degree of involvement and the fact there were two packages that were sent on two different occasions.” Id. at 57. I have significant reservations with the district court’s perfunctory reliance on the 120-month sentence in Mousseau in determining the extent of Nossan’s departure.[2] Namely, the court only focused on the ultimate sentence of 120 months in Mousseau — it did not account for the fact that the defendant’s Guidelines range in Mousseau was 70 to 87 months. As shown above, the court’s comments at sentencing reflected its belief it was cutting Nossan a break by not sentencing her as severe as the defendant in Mousseau because of the mitigating circumstances in Nossan’s case. However, the court was actually imposing a much more drastic departure of 275 percent above the high end of the Guidelines range, compared with only a 38 percent upward departure in Mousseau, despite Mousseau’s more egregious facts.
I am mindful we do not employ a “rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.” Gall v. United States, 552 U.S. 38, 47, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Indeed, the Supreme Court in Gall warned “that when applying a mathematical approach, ‘deviations from the Guidelines range will always appear more extreme — in percentage terms — when the range itself is low.’ ” Ferguson, 623 F.3d at 631 (quoting Gall, 552 U.S. at 47-48, 128 S.Ct. 586). Never *830 theless, the Supreme Court in Gall “expressly permitted appellate courts to ‘consider the extent of the deviation’ from the Guidelines.” United States v. Feemster, 572 F.3d 455, 462 (8th Cir.2009) (en banc) (quoting Gall, 552 U.S. at 50, 128 S.Ct. 586). By failing to consider the extent of the deviation from the Guidelines, I believe the district court made a mistake. See United States v. Kane, 639 F.3d 1121, 1135 (8th Cir.2011) (“ ‘In sentencing, as in other areas, district judges at times make mistakes that are substantive. At times, they will impose sentences that are unreasonable. Circuit courts exist to correct such mistakes when they occur.’ ”) (quoting Rita v. United States, 551 U.S. 338, 354, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). Specifically, even in the absence of a percentage-based comparison, the absolute terms contradict the court’s intent to sentence Nossan more favorably than the defendant in Mousseau, as the court imposed a 44-month upward departure, compared with only a 33-month upward departure in Mousseau, notwithstanding less egregious facts here.
Finally, even if the court’s abuse of discretion does not necessarily follow from its flawed analogy to Mousseau, I am persuaded by another case decided by this court, United States v. Merrival, 176 F.3d 1079 (8th Cir.1999). Like Mousseau, Merrival involved more egregious facts than the present matter; the defendant pleaded guilty to involuntary manslaughter after his drunk driving and speeding killed a mother and her five-month-old child and critically injured three others. 176 F.3d at 1080. On appeal, we discussed the “extremely dangerous” nature of the defendant’s conduct in consuming alcohol for 20 hours, operating a vehicle with a blood alcohol content of .234, and speeding. Id. at 1080-82. Based on these facts, we upheld an upward departure under § 5K2.1 because of the multiple deaths involved, as well as an upward departure under § 5K2.2 because of the serious bodily injuries suffered by three other individuals. Id. at 1082. Accordingly, we affirmed the departure from the Guidelines range of 15 to 21 months to a sentence of 70 months. Id. at 1081-82. However, in affirming the district court’s sentence, the panel made a “special note ... that in imposing a departure of this magnitude, the district court acted at the outermost limits of its discretionary authority.” Id. at 1082.
I find Merrival’s “special note” persuasive here. Similar to Mousseau, Nossan received a more severe departure than the defendant in Merrival — 275 percent compared to 233 percent. Even in absolute terms, Nossan and the defendant in Merrival received comparable departures of 44 and 49 months, respectively. Despite the similar departures, Merrival involved far more egregious facts than this case, because even if it is debatable that Nossan’s conduct in mailing drugs was comparable to the “extremely dangerous” conduct in Merrival discussed above, the fact multiple deaths and injuries were involved in Merrival alone distinguishes Nossan’s case. It follows that if the departure in Merrival represented the “outermost limits” of the district court’s discretionary authority, then a more severe, or even an equivalent, departure in this case based on less egregious facts certainly exceeds the outermost limits.
In sum, while Gunderson’s death due to his use of narcotics is surely tragic, I do not believe the 44-month upward departure imposed by the district court is reasonable in light of the stark contrast between our relevant case law and Nossan’s limited involvement in this case. Therefore, I would vacate the district court’s sentence and remand for resentencing.

. The district court’s reliance on United States v. Olguin, 428 F.3d 727 (8th Cir.2005), where a defendant similarly received a 120-month senfence, is unavailing because the case did not involve a departure under § 5K2.1.