# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2992
_____

United States of America

*Plaintiff - Appellee*

v.

Cedric Maxwell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 12, 2024
Filed: June 6, 2024
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Cedric Maxwell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] varied upward, sentencing him to 36 months in prison (range was 15 to 21 months) and three years of supervised

_____

[1]The Honorable James M. Moody, United States District Court Judge for the Eastern District of Arkansas.

release.  He appeals, challenging the substantive reasonableness of the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017).  An abuse of discretion occurs when the court "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or makes a "clear error of judgment" in weighing appropriate factors.  *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017).  "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).  "The district court may vary upward from the guideline range if the extent of the deviation is supported by the 18 U.S.C. § 3553(a) factors."  *United States v. Martinez*, 821 F.3d 984, 989 (8th Cir. 2016).

Maxwell claims his limited criminal history did not justify an upward variance and the district court should not have considered a pending Missouri murder charge. There is no indication the court considered the pending murder charge.  On his criminal history, the court said:

> After I consider Mr. Maxwell's presentence report in its entirety and the letters that were presented to me, the comments of Mr. Brown and the comments of Ms. O'Leary and the factors found in 18 U.S.C. Section 3553, it's the judgment of the Court, Mr. Maxwell, that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 36 months.  I realize that this is an upward variance, but when I take into consideration that you were given four years of probation for what amounted to a drive-by shooting where an innocent passenger vehicle was struck and that it wasn't until further conduct when you were revoked on that sentence did you actually even serve any time. That four-month probationary sentence which I'm a little amazed that you got in the first place was insufficient to deter your possession of a firearm.  I think you're a danger to society because of that.

This upward variance is imposed based on your criminal history as mentioned and discussed here today in paragraph 25 of your PSR. This sentence may serve as a deterrent for future criminal behavior while promoting community safety. It's sufficient but no greater than necessary to reflect the seriousness of the offense, promote respect for the law, and address community safety and address your needs.

The court did not abuse its discretion in varying upward. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) (affirming upward variance from 6-12 months to 60 months based on nature and circumstances of offense, defendant's history and characteristics, and need for general deterrence).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____